# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| IVAN JIMENEZ <br> 11250 NW 50th Terrace <br> Miami, FL 33178, <br><br> and <br><br> JUAN MACHADO <br> Calle José Joaquin Puello 14 <br> Villa Consuelo <br> Santo Domingo, Dominican Republic, <br><br> and <br><br> JOSE MUNOZ <br> Avenida Imbert No. 72 <br> La Vega, Dominican Republic, <br><br> and <br><br> GUILLERMO SENCION <br> Ave. 27 de Feb. No. 495 <br> Torre Forum, Piso 15 <br> Santo Domingo, Dominican Republic, <br><br> and <br><br> MIGUEL VASQUEZ <br> Calle Sanabacoa 2 <br> Santo Domingo, Dominican Republic, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY <br> Washington, DC 20528, <br><br> and | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br><br><br><br><br><br><br><br> Civil Action No. <br><br><br><br><br><br><br> **COMPLAINT** |

| | |
|---|---|
| DEPARTMENT OF STATE | * |
| 2201 C Street, NW | * |
| Washington, DC 20520, | * |
| | * |
| Defendants. | * |
| | * |

* * * * * * * * * * * * *

Plaintiffs Iván Jiménez, Juan Machado, José Muñoz, Guillermo Sención, and Miguel Vásquez bring this action against Defendants Department of Homeland Security and Department of State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Iván Jiménez ("Jiménez") is a legal resident of the State of Florida.

4.      Plaintiff Juan Machado, a/k/a Juan Machado Amadis ("Machado")[1] is a citizen of the Dominican Republic and is a resident of Santo Domingo, DR.

---

[1] In Spanish-speaking cultures, a person generally has two surnames—the first being the father's surname and the second being the mother's last name before marriage (generally referred to in the United States as a "maiden name")—while the United States does not generally practice this custom. *See* Gerald Erichsen, *Spanish Surnames*, ThoughtCo.com (Feb. 24, 2018), *at* https://www.thoughtco.com/spanish-surnames-mother-and-father-3078099 (last accessed Apr. 20, 2019) (comparing naming customs). Accordingly, this Complaint will follow the U.S. naming custom for Plaintiffs who reside outside the United States, and the Spanish alternative

5. Plaintiff José Muñoz, a/k/a José Muñoz Moncion ("Muñoz") is a citizen of the Dominican Republic and is a resident of La Vega, DR.

6. Plaintiff Guillermo Sención, a/k/a Guillermo Sención Suarez ("Sención") is a citizen of the Dominican Republic and is a resident of Santo Domingo, DR.

7. Plaintiff Miguel Vásquez, a/k/a Miguel Vásquez Escoto ("Vásquez") is a citizen of the Dominican Republic and is a resident of Santo Domingo, DR.

8. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

9. The Office of Biometric Identity Management ("OBIM") and United States Citizenship and Immigration Services ("USCIS") are DHS components.

10. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

## *PART I: OBIM RECORDS*

## **FIRST CAUSE OF ACTION**

## **(JIMENEZ/MACHADO – OBIM – CONSTRUCTIVE RECORDS DENIAL – 2019-OBFO-05965)**

11. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

---

names are listed solely out of recognition that some of the administrative correspondence followed the Spanish custom.

3

12. On 14 November 2018, Jiménez and Machado, through undersigned counsel, submitted to OBIM by email a FOIA request for "all information located in the Automated Biometric Identification System ("IDENT"), Arrival Departure Information System ("ADIS"), and other OBIM systems about Mr. Machado."

13. On 20 November 2018, OBIM acknowledged receipt of this request and assigned it Request No. 2019-OBFO-05965. OBIM directed the requesters to submit an original fingerprint card for Machado, which they did the same day, and which was received by OBIM on 23 November 2018.

14. Plaintiffs have not received any substantive response from OBIM to this request as of this writing.

15. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by OBIM of said right.

## SECOND CAUSE OF ACTION

## (JIMENEZ/MUNOZ – OBIM – RECORDS DENIAL – 2019-OBFO-05969)

16. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

17. On 17 May 2013, Muñoz, through counsel, submitted to OBIM a FOIA request for information about himself ("1st Muñoz request").

18. On 30 July 2013, OBIM acknowledged receipt of this request and assigned it Request No. DHS/USV 13-9620. OBIM stated that it had searched the IDENT and ADIS systems, and it released several records in part to Muñoz.

19. On 14 November 2018, Jiménez and Muñoz, through undersigned counsel, submitted to OBIM by email a FOIA request for "all information located in the [IDENT], [ADIS], and other OBIM systems about Mr. Muñoz."

20. The request further stated that all information which was responsive to the 1st Muñoz request is also responsive to this request, but specified that this request has a broader scope: "First, this request covers *all* information about Mr. Muñoz, not just the information contained in the IDENT and ADIS systems.  Second, this request covers all information created since the processing of his earlier request as well as the information already processed."

21. The request also stated that OBIM may exclude any records previously released in full to Muñoz.

22. On 20 November 2018, an OBIM representative emailed Plaintiffs' undersigned counsel and stated, "I was able to locate the original documents sent to your client in 2013; therefore, there is no need to re-submit finger prints."  The representative also alleged, "I would like to point out is that OBIM no longer 'owns' ADIS, so you'll need to submit a separate request to Customs and Border Protection for those records.  Additionally, OBIM wouldn't possess any records other than those found in IDENT."

23. On 20 November 2018, OBIM acknowledged receipt of this request and assigned it Request No. 2019-OBFO-05969.

24. On 21 March 2019, OBIM released several records in part.

25. On 21 March 2019, Plaintiffs appealed the adequacy of OBIM's search for responsive records and all withholdings to DHS.  DHS acknowledged this appeal on 1 April 2019 and assigned it Appeal No. 2019-HQAP-00187.

26. Plaintiffs have not received any substantive response from DHS to this appeal as of this writing.

27. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by OBIM of said right.

## THIRD CAUSE OF ACTION

## (JIMENEZ/SENCION – OBIM – RECORDS DENIAL – 2018-OBFO-17760)

28. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

29. On 3 March 2018, Sención, through counsel, submitted to OBIM a FOIA request for "[a] complete copy of all the files, records, notes, correspondence, etc. that you have on [him] from January 2000 until present day, including emails and letters."

30. On or around 28 March 2018, OBIM acknowledged receipt of this request and assigned it Request No. 2018-OBFO-17760.

31. On 5 June 2018, OBIM informed Sención that it had searched the IDENT system and located no responsive records.

32. On 12 September 2018, Sención appealed the adequacy of OBIM's search for responsive records to DHS.

33. On 17 October 2018, Plaintiffs' undersigned counsel informed DHS by email that Jiménez had joined the request as a co-requester.

34. DHS acknowledged this appeal on 18 October 2018 and assigned it Appeal No. 2019-HQAP-00026.

35. On 25 October 2018, DHS affirmed OBIM's response.

36. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by OBIM of said right.

## *PART II: USCIS RECORDS*

### FOURTH CAUSE OF ACTION

### (JIMENEZ/MACHADO – USCIS – CONSTRUCTIVE RECORDS DENIAL – NRC2018089200)

37. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

38. On 3 June 2018, Jiménez and Machado, through undersigned counsel, submitted to USCIS by email a FOIA request for "an electronic copy of Mr. Machado Amadis' alien file."

39. On 11 June 2018, USCIS acknowledged receipt of this request and assigned it Request No. NRC2018089200.

40. Plaintiffs have not received any substantive response from USCIS to this request as of this writing.

41. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by USCIS of said right.

### FIFTH CAUSE OF ACTION

### (JIMENEZ/MUNOZ – USCIS – RECORDS DENIAL – NRC2018188049)

42. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

43. On 16 November 2018, Jiménez and Muñoz, through undersigned counsel, submitted to USCIS by email a FOIA request for "an electronic copy of Mr. Muñoz' alien file."

44. On 26 December 2018, USCIS acknowledged receipt of this request and assigned it Request No. NRC2018188049. USCIS informed Plaintiffs that it had searched the Central Index System and Person Centric Query System and located no responsive records.

45. On 10 March 2019, Plaintiffs appealed the adequacy of USCIS's search for responsive records. USCIS acknowledged this appeal on 13 March 2019 and assigned it Appeal No. APP2019000357. USCIS affirmed its original response.

46. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by USCIS of said right.

## SIXTH CAUSE OF ACTION

### (JIMENEZ/SENCION – USCIS – RECORDS DENIAL – NRC2018089201)

47. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

48. On 3 June 2018, Jiménez and Sención, through undersigned counsel, submitted to USCIS by email a FOIA request for "an electronic copy of Mr. Sencion Suarez' alien file."

49. On 11 June 2018, USCIS acknowledged receipt of this request and assigned it Request No. NRC2018089201. USCIS informed Plaintiffs that it had searched the Central Index System and Computer Linked Applications Information Management System and located no responsive records.

50. On 12 September 2018, Plaintiffs appealed the adequacy of USCIS's search for responsive records. USCIS acknowledged this appeal on 30 October 2018 and assigned it Appeal No. APP2018001414. USCIS affirmed its original response.

51. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by USCIS of said right.

## *PART III: STATE RECORDS*

## SEVENTH CAUSE OF ACTION

## (JIMENEZ/MACHADO – STATE – CONSTRUCTIVE RECORDS DENIAL – F-2018-04237)

52. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

53. On 3 June 2018, Jiménez and Machado, through undersigned counsel, submitted to State by fax a FOIA request for four categories of records pertaining to Machado.

54. The request further stated that State may exclude any records previously released in full to Machado, any records about the processing of his previous FOIA requests, and any records about the conduct of the previous FOIA case *Machado Amadis v. DOJ*, No. 16-2230 (D.D.C.).

55. The request also specifically directed State to process any records which were withheld in full or in part in response to a previous FOIA request and to "perform new searches for records responsive to each of the items in this request, since they are broader than his previous requests."

56. On 9 July 2018, State acknowledged receipt of this request and assigned it Request No. F-2018-04237. State claimed that it had not received the complete request, and Plaintiffs resubmitted the request the same day.

57. Plaintiffs have not received any substantive response from State to this request as of this writing.

58. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

## EIGHTH CAUSE OF ACTION

### (JIMENEZ/MUNOZ – STATE – RECORDS DENIAL – F-2014-09926)

59. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

60. On or around 9 June 2014, Muñoz, through counsel, submitted to State a FOIA request for information about himself.

61. State acknowledged receipt of this request and assigned it Request No. F-2014-09926.

62. On 1 March 2016 and 18 October 2018, State released several records in part to Muñoz.

63. On 9 November 2018, Plaintiffs' undersigned counsel informed State by fax that Jiménez had joined the request as a co-requester and appealed the adequacy of State's search for responsive records and all withholdings. State acknowledged this appeal on 20 December 2018.

64. Plaintiffs have not received any substantive response from State to this appeal as of this writing.

65. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

## NINTH CAUSE OF ACTION

### (JIMENEZ/SENCION – STATE – RECORDS DENIAL – F-2018-06912)

66. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

67. On 21 February 2018, Sención, through counsel, submitted to State a FOIA request for information about himself ("1st Sención request").

68. On or around 3 May 2018, State acknowledged receipt of this request and assigned it Request No. F-2018-01563. State released several records in part to Sención.

69. On 11 September 2018, Jiménez and Sención, through undersigned counsel, submitted to State by fax a FOIA request for all records responsive to the 1st Sención request.

70. The request further stated that State may exclude any records previously released in full to Sención.

71. On 5 November 2018, State acknowledged receipt of this request and assigned it Request No. F-2018-06912.

72. On 15 February 2019, State released several records in part.

73. On 11 March 2019, Plaintiffs appealed the adequacy of State's search for responsive records and all withholdings. State acknowledged this appeal on 12 March 2019.

74. Plaintiffs have not received any substantive response from State to this appeal as of this writing.

75. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

## TENTH CAUSE OF ACTION

### (JIMENEZ/VASQUEZ – STATE – CONSTRUCTIVE RECORDS DENIAL – F-2017-17779, F-2018-00322)

76. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

77. In 2015, Vásquez, through counsel, submitted to State a FOIA request for information about himself.

78. State acknowledged receipt of this request and assigned it Request No. F-2015-16891.

79. On 4 October 2016, State released several records in part to Vásquez.

80. On 18 December 2017, Jiménez and Vásquez, through undersigned counsel, submitted to State by fax a FOIA request for "all records, including emails, pertaining to the revocation of the visa previously held by Mr. Vasquez."

81. On 27 December 2017, State acknowledged receipt of this request and assigned it Request No. F-2017-17779.  State claimed that it could not process the request and asked Plaintiffs to "specify or narrow the time frame of [their] request" and "narrow the scope of [their] request."

82. On 30 December 2017, Plaintiffs' undersigned counsel emailed State, "[P]lease note that this is the same individual who was the subject of the records released in response to Req. F-2015-16891.  Therefore, however you identified him when processing that request, please use the same methodology to identify him and process this request."

83. On 12 January 2018, State replied, "Would you please provide the information requested in the Department's December 27, 2017 acknowledgment letter.  Your December 18, 2017 FOIA request did not reference the below 2015 case nor did it provide a time frame or any information pertaining to Mr. Vasquez's visa revocation."

84. The same day, Plaintiffs' undersigned counsel replied, "This request did include all the same information, so the discrepancy is clearly in the processing.  Please determine internally how you interpreted the 2015 request to determine what files we were seeking and then apply that same interpretation to this request.  We did not include a time frame because we are not limiting the request to a particular time frame."

85. On 19 January 2018, State replied, reassigning the request the Request No. F-2018-00322.

86. Plaintiffs have not received any substantive response from State to this request as of this writing.

87. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Iván Jiménez, Juan Machado, José Muñoz, Guillermo Sención, and Miguel Vásquez pray that this Court:

(1) Order the Department of Homeland Security and Department of State to release all requested records to them;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date: April 23, 2019

Respectfully submitted,

/s/ Andrew F. Knopf
Andrew F. Knopf, Esq.
FL Bar #658871
Paul Knopf Bigger
840 South Denning Drive
Suite 200
Winter Park, FL  32789
407-622-2111
Andrew@PKBLawFirm.com

*Counsel for Plaintiffs*

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
(*Pro hac vice* admission pending)
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org