UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| IVAN JIMENEZ, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-21546 (DPG) |
| | * | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>PLAINTIFFS' REPLY FOR STATUS CONFERENCE AND TO STAY BRIEFING</u>**

In an attempt to avoid the unpleasant reality that the government has failed to provide evidence required by law to the Court, the Government instead takes issue with the fact that Plaintiffs' undersigned counsel Kel McClanahan discussed the agency's misconduct in admittedly intemperate terms on social media, while drawing unsupported conclusions about his motivations for seeking this status conference. None of Defendants' attempted deflections, however, change the fact that as long as even minor pieces of information remain withheld by Immigration and Customs Enforcement ("ICE"), the burden remains the Government to justify those withholdings, and Defendants' position is squarely precluded by established case law. *Compare McGehee v. CIA*, 697 F.2d 1095, 1109 (D.C. Cir. 1983) ("*[A]ll records in an agency's possession, whether created by the agency itself or by other bodies covered by the Act, constitute 'agency records.'*") (emphasis in original), *with* Ex. A ("Briefly stated, the material from ICE originated with that agency and are, therefore, not agency records subject to your FOIA request to USCIS."). Until Defendants resolve the matters like this (where there is legally no basis for

their position), it would be wasteful to continue with briefing of Defendants' motion for summary judgment.[1]

Regarding Mr. McClanahan's social media posts, he will be more than willing to explain the significance of them—or lack thereof—to the Court in that same status conference, should the Court deem it necessary. Simply put, Defendants' counsel has mischaracterized these posts greatly and is using them to deflect from the legitimate issues of this case, namely, Defendants' consistent withholding of patently non-exempt information and bad faith assertions regarding its withholdings. As noted on social media, Plaintiffs do intend to show that ICE and USCIS have grossly abused the presumption of good faith typically afforded to government FOIA offices, and Plaintiffs are confident that upon viewing the documentary evidence once the record is complete, the Court will agree that what happened in this case is a far cry from a simple difference of opinion between different FOIA officers, as Defendants' counsel intimates. However, all this being said, Mr. McClanahan does apologize to this Court for the intemperate nature of his social media posts, but he maintains that the misconduct he alleged remains a continuing issue.

---

[1] The other purely legal issues identified by Plaintiffs and minimized by Defendants are similarly clear cut. To reiterate: 1) the Department of Homeland Security ("DHS") was required by its own regulation, 6 C.F.R. § 5.4(c), to refer the requests for Arrival & Departure Information System records to Customs and Border Protection, and cannot legally justify refusing to do so; 2) the Government cannot legally meet its burden of production without filing the relevant correspondence regarding the DHS and U.S. Citizenship and Immigration Services ("USCIS") requests as exhibits as it did for the Department of State requests; and 3) even if the orphaned footnote indicator in the Eggleston Declaration is a scrivener's error, a statement to that effect by Defendants' counsel in a brief is not admissible evidence. Each of these issues is both purely legal and easily resolved, making them significantly more amenable to a status conference than formal summary judgment briefing, since they do not involve any factual disputes.

Date: February 17, 2021

                                                 Respectfully submitted,

                                                 /s/  Kelly  B.  McClanahan
Kelly B. McClanahan, Esq.
*Pro hac vice*
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

/s/  Andrew  F.  Knopf
Andrew F. Knopf, Esq.
FL Bar #658871
Paul Knopf Bigger
840 South Denning Drive
Suite 200
Winter Park, FL 32789
407-622-2111
Andrew@PKBLawFirm.com

*Counsel for Plaintiffs*