UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-21546-CIV-GAYLES

IVAN JIMENEZ, JUAN MACHADO,
JOSE MUÑOZ, GUILLERMO SENCION, and
MIGUEL VASQUEZ,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY and UNITED STATES
DEPARTMENT OF STATE,

    Defendants.
_____/

## DEFENDANTS' PARTIALLY UNOPPOSED MOTION
## FOR MODIFICATION OF BRIEFING SCHEDULE

Defendants, U.S. Department of Homeland Security ("DHS") and U.S. Department of State ("State" or "State Department"), hereby move for a 60-day extension of time to file their reply to Plaintiffs' Response (ECF No. 61) to their Motion for Summary Judgment. In addition, Defendants respectfully request that briefing conclude with Defendants' Reply, without further reply from Plaintiffs in support of their "Cross Motion for Summary Judgment" (ECF No. 62).

    **I.**    **REQUEST FOR EXTENSION OF TIME TO FILE REPLY**

Defendants filed their Motion for Summary Judgment in this action on October 7, 2020. After seven motions for modification of the briefing schedule – some filed after deadlines were missed -- Plaintiffs had more than six months to file their response to Defendants' Motion for Summary Judgment. Even so, Plaintiffs missed the last deadline of April 6, 20121. They filed their response (ECF NO. 61) three days late, on April 9, 2021.

Under the briefing schedule currently in place, Defendants have only until Tuesday, April 13, 2021, to file their reply. As explained below, given the breadth of issues presented in

Plaintiffs' untimely response, Defendants respectfully request an extension of 60 days, through June 12, 2021, to file their reply to Plaintiffs' response.

### a. Plaintiffs have improperly joined a multitude of claims in this action.

This action was brought by five different Plaintiffs, against three government agencies (Department of Homeland Security Office of Biometric Information Management, U.S. Citizenship and Immigration Services and the Department of State). The lawsuit challenged the agencies' various responses to ten different FOIA requests . Under Rule 18(a), Fed. R. Civ. P., "[a] party asserting a claim to relief as an original claim. . .may join. . . as many claims. . . as the party has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits" not only to avoid unnecessarily complicated litigation but also to assure that plaintiffs pay the required filing fees for their lawsuits. *Id*. Just as Plaintiffs established their own briefing schedule, without regard to the Court's numerous Orders, Plaintiffs have abused the joinder provision of Rule 18. Simply put, Plaintiffs' claims against OBIM or USCIS have nothing to do with their claims against State. And the claims of the individual Plaintiffs are similarly unrelated those of their co-Plaintiffs who tendered distinct FOIA requests.

### b. Plaintiffs' Response to the government's Motion for Summary Judgment presents several factual arguments unique to the various improperly joined claims and legal arguments which will require more time to address.

The breadth of Plaintiffs' improperly joined claims is reflected in the briefing on summary judgment. Defendants' Motion for Summary Judgment (ECF No. 29 defends the lawfulness of different searches, for different records, maintained by different agencies, in

different places.  The Motion also defends the decisions made by the various agencies to withhold information in different as exempt under FOIA.   Plaintiffs' 29-page Response (ECF No. 61) challenges the adequacy of most of the searches, for factual reasons unique to each challenged search. Plaintiff bizarrely argues that two of the Defendant agencies should not be granted summary judgment because they did not attach copies of their correspondence with Plaintiffs to their declarations in support of summary judgment.  Plaintiffs further argue that the declarations submitted by OBIM and ICE should not be afforded a presumption of good faith because Plaintiffs had previously received the same records with different redactions. Finally, Plaintiffs ask the Court to disregard a recent Second Circuit decision that resolved an issue on which a split of opinion existed among lower courts.  In *Spadaro v. United States Customs and Border Protection*, et al., No. 19-1157, the Second Circuit held that documents that pertain to a visa revocation "pertain[] to the issuance or refusal of visas" are, therefore, confidential under § 222(f) of the Immigration and Nationality Act of 1952, (8 U.S.C. § 1202(f)) and subject to FOIA Exemption 3 (5 U.S.C. § 552(b)(3)).  Plaintiffs here urge the Court to follow the minority view to the contrary.

      These factual and legal arguments will require extensive consultation with, and consideration by, the four government agencies involved.   Defendants respectfully request an additional 60 days to file their Reply to Plaintiffs' Response to their Motion for Summary Judgment.   Plaintiffs counsel has indicated that Plaintiffs do not oppose this request.

      **II.     REQUEST FOR MODIFICATION OF BRIEFING SCHEDULE**

      Defendants also request that the Court end summary judgment briefing with the government Defendants' reply, rather than allowing Plaintiffs to file what will be, in effect, a surreply. At the Status Conference held in this action on March 17, 2021, the Court indicated that

it does not normally permit the filing of surreplies. In addition to their Response to the government Defendants' Motion for Summary Judgment (ECF No. 61), Plaintiffs filed a document titled "Cross Motion for Summary Judgment" (ECF No. 62). That "Cross Motion," however, is nearly a word-for-word a copy of their Response to Defendants' Motion for Summary Judgment. As such, the filing is not a true motion, but an attempt by Plaintiffs to secure the right to get the last word via a reply brief.

Courts disfavor surreplies, generally allowing them only where a moving party is unable to address matters raised for the first time in the non-movant's reply brief. *See Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C.Cir.2003). "Simply put, a sur-reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties." *See, e.g., Bigwood v. U.S. Department of Defense*, 132 F.Supp3d 124 (D.C. Dist. 2015) (quoting *Crummey v. Social Security Admin.*, 794 F.Supp.2d 46, 63 (D.D.C.2011), *aff'd*, 2012 WL 556317 (D.C.Cir. Feb. 6, 2012). "Were that not true, briefing would become an endless pursuit." *Id*. Plaintiffs' sham "Cross Motion for Summary Judgment" (ECF No. 62) addresses no issues beyond those addressed in the government's Motion for Summary Judgment, i.e., the adequacy of the agencies' search for records and the lawfulness of exemptions claimed. The government defendants will confine their reply to these matters, which are the only relevant matters in a FOIA action. As such, there is no reason for an additional reply from Plaintiff as a matter of right. Plaintiffs' "Cross Motion for Summary Judgment" is nothing but another piece of gamesmanship of Plaintiffs' part, seeking to flout this Court's rules.

Plaintiffs oppose such a modification of the briefing schedule. A proposed Order is attached.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request an extension of 60-days for their reply in support of their Motion for Summary Judgment, and modification of the briefing schedule to exclude a further reply from Plaintiffs.

Dated: April 11, 2021  
Miami, Florida

Respectfully submitted,

ARIANA FAJARDO ORSHAN  
UNITED STATES ATTORNEY

By: /s/ Carlos Raurell  
Assistant United States Attorney  
Florida Bar No. 529893  
Carlos.Raurell@usdoj.gov  
United States Attorney's Office  
99 NE 4th Avenue, Suite 300  
Miami, Florida 33132  
Telephone: (305) 961-9243  
Facsimile: (305) 530-7139  
Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on Aprill 11, 2021, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system.

/s/ Carlos Raurell  
CARLOS RAURELL  
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-21546-CIV-GAYLES

IVAN JIMENEZ, JUAN MACHADO,
JOSE MUÑOZ, GUILLERMO SENCION, and
MIGUEL VASQUEZ,

      Plaintiffs,
v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY and UNITED STATES
DEPARTMENT OF STATE,

      Defendants.
_____/

### ORDER GRANTING DEFENDANTS' PARTIALLY UNOPPOSED MOTION FOR MODIFICATION OF BRIEFING SCHEDULE

      This matter is before the Court on the Motion of the Defendants, U.S. Department of Homeland Security ("DHS") and U.S. Department of State ("State" or "State Department"), for a 60-day extension of time to file their reply to Plaintiffs' Response (ECF No. 61) to their Motion for Summary Judgment. In addition, Defendants respectfully request that briefing conclude with Defendants' Reply, without further reply from Plaintiffs in support of their "Cross Motion for Summary Judgment" (ECF No. 62). The Court has considered the Motion and is duly advised in the premises. It is hereby

      ORDERED that the Motion is GRANTED. Defendants shall file their reply on or before June 12, 2021. It is further

      ORDERED that the briefing schedule previously entered in this action is hereby modified. Briefing will conclude with Defendants' forthcoming reply in support of their Motion for Summary Judgment.

DONE and ORDERED in Chambers, Miami, Florida, this _____ day of April, 2021

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE