UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IVAN JIMENEZ, JUAN MACHADO, JOSE MUÑOZ, GUILLERMO SENCION, and MIGUEL VASQUEZ,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　Defendants. | Civil Action No. 19-21546-CIV-GAYLES |

**DECLARATION OF DAVID A. BAHR**

I, David A. Bahr certify and state:

**1.**　　I am an attorney licensed to practice law in Oregon (admitted in 1990), the United States District Court for Oregon (admitted in 1992), United States District Court for the District of Columbia (admitted in 2015) and the United States Courts of Appeals for the Second, Ninth and Tenth Circuits (admitted in 2019, 1994 and 2009, respectively). I remain a member in good standing of all six bars. I have also been admitted *pro hac vice* to litigate cases in federal or state proceedings in Alaska, California, the District of Columbia, Hawaii, Idaho, Montana, New Jersey (pending), New Mexico, New York, Vermont, Washington and Wyoming.

**2.**　　I have been actively involved in public interest litigation since I joined the Oregon State Bar in 1990. I have presented numerous seminars, workshops and Continuing Legal Education programs in conjunction with professional and community groups regarding litigation in state and federal courts. The subjects of these presentations include: public records, civil proce-

Ex. A

dure, motions practice, discovery, ethics, the Freedom of Information Act (and various state analogues), the National Forest Management Act, the Federal Land Policy and Management Act, the Endangered Species Act, the Clean Water Act, the National Environmental Policy Act, the Wilderness Act, the Administrative Procedure Act and the federal Quiet Title Act. Additionally, from 2003 to 2009, I was a lecturer/student supervisor for the Environmental Law Clinic of the University of Oregon School of Law.

3. In 2014 I was appointed to a two-year term as a representative of the requester community on the Freedom of Information Act Advisory Committee created under the auspices of the National Archives and Records Administration. The Committee's purpose is to build upon "the expertise and valuable advice the Committee members will provide on issues related to improving the administration of the Freedom of Information Act." 79 Fed. Reg. 25626 - 25627 (May 5, 2014).

4. I was honored to be a recipient of the Kerry L. Rydberg Award for accomplishments in public interest litigation by the 1999 Public Interest Environmental Law Conference at the University of Oregon Law School. I was also a recipient of the 2001 Sunshine Award issued by the Society of Professional Journalists. The latter award is presented to individuals that the Society determines have made "a significant contribution to public understanding and education about laws governing open records and meetings [and to] recognize outstanding efforts in advocacy under the Freedom of Information Act and state public records laws and personal courage in working to keep public information publicly available." I was one of two principals in FOIAdvocates (http://www.foiadvocates.com), a twenty year-old project intended to foster greater public access to information possessed by state and federal governments.

5. My practice is litigation based and I have successfully represented a multitude of clients in a wide variety of matters, although public records, environmental, public lands, land

use, civil rights and special education law have historically comprised my primary focus. Currently, I estimate that approximately 90% of my practice involves public records litigation with the balance being federal environmental work. It is my understanding that I enjoy a sound reputation for having demonstrated effective trial and appellate litigation skills and abilities.

**6.** Following is a brief sampling of some of my current and past FOIA cases throughout the United States: *Institute* for *Policy Studies v. U.S. Central Intelligence Agency*, 388 F.Supp.3d 51 (D.D.C. 2019); *Columbia Riverkeeper v. U.S. Dep't. of Energy*, 3:18-cv-01544-AC (D. Or. 2019); *Gwich'in Steering Committee v. U.S. Department Of The Interior*,1:19-cv-02978-CJN (D.D.C. 2019); *Western Watersheds Project v. United States Department of Interior*, 4:17-cv-00592-JGZ-BPV (D. Ariz. 2017); *Seife v. U.S. Dep't. of Treasury*, 1:16-cv-07271-LTS (S.D.N.Y. 2016); *Basin and Range Watch v. Bureau Of Land Management,* 2:16-cv-00403-JCM-PAL (D. Nev, 2016); *Stein v. U.S. Department of Commerce*, 3:15-cv-03510-JST (N.D. Cal. 2016); *Seife v. United States Food and Drug Administration*,1:15-cv-05487-LTS (S.D.N.Y. 2015); *Sierra Club, et al. v. U.S. Environmental Protection Agency*, 75 F. Supp. 3d 1125 (N.D. Cal. 2014); *National Wildlife Federation v. U.S. Department of State,* 5:14-cv-00089-CR (D.Vt. 2014); *PPL Montana, LLC v. Jackson*,1:12-cv-00052-DLC-JCL (D. Mont. 2012).

**7.** Plaintiffs in this case have asked me to provide some context on summary judgment briefing in FOIA cases. My description of what I consider standard briefing practice offered herein is based on my personal knowledge of the cases I have litigated. These attestations are also informed by regular and ongoing communications with FOIA litigators and litigants throughout the country.

**8.** The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). FOIA therefore requires that federal agencies disclose re-

cords to any person upon request, unless the information falls within one of the narrow exemptions from FOIA listed in 5 U.S.C. § 552(b). *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361 (1976). "The Legislative plan creates a liberal disclosure requirement limited only by specific exemptions, which are to be narrowly construed." *Getman v. N. L. R. B.*, 450 F.2d 670, 672 (D.C. Cir. 1971), *stay denied*, 404 U.S. 1204 (1971).

9. However, as the Court of Appeals for the District of Columbia noted:

> In light of this overwhelming emphasis upon disclosure, it is anomalous but obviously inevitable that the party with the greatest interest in obtaining disclosure is at a loss to argue with desirable legal precision for the revelation of the concealed information. Obviously the party seeking disclosure cannot know the precise contents of the documents sought; secret information is, by definition, unknown to the party seeking disclosure. In many, if not most, disputes under the FOIA, resolution centers around the factual nature, the statutory category, of the information sought.

*Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). Thus, "[i]n a very real sense, only one side to the controversy (the side opposing disclosure) is in a position confidently to make statements categorizing information. . . ." *Id.* The *Vaughn* court observed that:

> This lack of knowledge by the party seeing disclosure seriously distorts the traditional adversary nature of our legal system's form of dispute resolution. Ordinarily, the facts relevant to a dispute are more or less equally available to adverse parties. In a case arising under the FOIA this is not true, as we have noted, and hence the typical process of dispute resolution is impossible.

*Id.* at 824-25.

10. Litigation in FOIA cases differs from other civil litigation in that the burden of proof statutorily rests with the defendant agency and not the plaintiff. 5 U.S.C. §552(a)(4)(B) ("the burden is on the agency to sustain its action"); *see also United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 755 (1989) (Whenever an agency invokes a statutory exemption FOIA "expressly places the burden 'on the agency to sustain its action' and directs the district courts 'to determine the matter *de novo.*'" (quoting 5 U.S.C. §

552(a)(4)(B)); *Hayden v National Security Agency/Central Security Service*, 608 F.2d 1381, 1384 (D.C. Cir., 1979), *cert. denied* 446 U.S. 937 (1980) ("The trial court must make a *de novo* review of the Agency's classification decision, with the burden on the agency to justify nondisclosure."). The Supreme Court has noted approvingly that Congress clearly intended that the burden always rest on the agency to demonstrate—and not upon the requester to disprove—that the materials sought have not been improperly withheld because "[p]lacing the burden of proof upon the agency puts the task of justifying the withholding on the only party able to explain it." *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 n. 3 (1989), *citing*, S.Rep. No. 813, 89th Cong., 2nd Sess., 8 (1965); *see also*, H.R.Rep. No. 1497, 89th Cong., 2d Sess., 9 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2418, 2426 (same). "By like token and specific provision of the Act, when the Government declines to disclose a document the burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen*, 484 F.2d at 823.

  **11.** Because the federal defendant always bears the burden of proof in a FOIA case, it has become common practice to have it initiate dispositive briefing and then have plaintiff follow with its combined response to defendant's summary judgment motion/cross-motion for summary judgment. In turn, the defendant will file its combined response to plaintiff's cross motion for summary judgment/reply brief and briefing is concluded by plaintiff's reply brief. Sometimes (due to local rules or practice), the combined briefs are fashioned and filed as separate documents for docketing purposes but are functionally identical and are presented at the same time.

  **12.** This "staggered briefing" approach has the advantage of allowing the party with the burden — federal defendant — to present its case first and then have the briefing unfold with each side knowing what facts are relevant and arguments germane. This is in consonance with the holding of the seminal *Vaughn* case noted above that established the requirement that an

agency present the factual basis for its withholding decision in what has come to be called a "*Vaughn* Index," essentially a privilege log in the context of FOIA litigation. *Vaughn v. Rosen*, 484 F.2d at 827 (requiring "a system of itemizing and indexing that would correlate statements made in the Government's refusal justification with the actual portions of the document"). Accordingly a staggered briefing schedule removes the guesswork that would undermine plaintiff's opening brief if it were filed simultaneously with the defendant's summary judgment motion not able to knowing the nature of an agency's arguments or facts as presented in a *Vaughn* Index. I have attached representative examples of such briefing schedules filed in some of my cases. *See, e.*g. Exhibit A at 2; Exhibit B at 2-3; Exhibit C; Exhibit D and; Exhibit E.

**13.**    In conclusion, based on my 30+ years of experience litigating FOIA cases in many different courts throughout the country, it is a very common and expected practice for a federal defendant to initiate the summary judgment briefing to be followed in a sequence of cross-briefing concluding with plaintiff's reply as described above.

I have personal knowledge of all facts contained herein, and if called upon, could and would testify competently thereto. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  April 12, 2021

David A. Bahr (OR Bar No. 901990)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
Phone: (541) 556-6439
davebahr@mindspring.com

DAVID H. BECKER, ESQ. (*Pro Hac Vice*)
Oregon Bar No. 081507
Law Office of David H. Becker, LLC
917 SW Oak St., Suite 409
Portland, Oregon 97205
(503) 388-9160
davebeckerlaw@gmail.com

DAVID H. BAHR, ESQ. (*Pro Hac Vice*)
Oregon Bar No. 90199
Bahr Law Offices, P.C.
1035 1/2 Monroe St.
Eugene, Oregon 97402
(541) 556-6439
davebahr@mindspring.com

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
CHRISTOPHER W. MIXSON, ESQ.
Nevada Bar No. 10685
5594-B Longley Lane
Reno, Nevada 89511
(775) 853-6787/Fax: (775) 853-6774
cmixson@wrslawyers.com

*Attorneys for Plaintiff Basin and Range Watch*

DANIEL G. BOGDEN
United States Attorney
District of Nevada
TROY K. FLAKE
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*

*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BASIN AND RANGE WATCH,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT AND THE U.S. DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | CASE NO.: 2:16-cv-00403-JCM-PAL<br><br>**PARTIES' STIPULATED CASE MANAGEMENT PLAN AND [PROPOSED] SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

- 1 -
PARTIES' STIPULATED CASE MANAGEMENT PLAN AND [PROPOSED] SCHEDULING ORDER

Bahr Decl. Exhibit A

1      On May 4, 2016, counsel for Plaintiff and counsel for Federal Defendants held a telephone conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(a). The parties discussed the nature and basis of the claims and defenses, including the possibility of resolving the case without further litigation. After conferring, the parties do not anticipate being able to resolve the case without litigation.

Actions under the Freedom of Information Act ("FOIA"), like this case, "typically do not require discovery or [are] actions in which an initial disclosure requirement would not make sense." Comment to LCvR 16.3(b) of the U.S. District Court for the District of Columbia (http://www.dcd.uscourts.gov/dcd/sites/dcd/files/LocalRulesApril2016.pdf). Accordingly, the parties agree that, in this FOIA case, initial disclosures and other discovery are not necessary, and that the case can be resolved on cross-motions for summary judgment.

After conferring, the parties jointly propose the following stipulated scheduling order for this case:

1. Federal Defendants shall file their motion for summary judgment by June 20, 2016, limited to 30 pages.

2. Plaintiff shall file its combined response and cross-motion for summary judgment by July 22, 2016, limited to 40 pages.

3. Federal Defendants shall file their combined summary judgment reply and cross-motion response by September 2, 2016, limited to 30 pages.

4. Plaintiff will file its cross-motion reply by September 30, 2016, limited to 20 pages.

Pursuant to LR 26-1(b)(7), the parties certify that they conferred about the possibility of using alternative dispute-resolution processes to resolve the case, but agreed that such processes are not likely to facilitate a resolution. Pursuant to LR 26-1(b)(8), the parties certify that they considered consent to trial by a Magistrate Judge and the use of the Short Trial Program, but the parties agree that neither option is applicable because the case can be resolved on cross-motions for summary judgment and no trial will be necessary.

//

//

- 2 -
PARTIES' STIPULATED CASE MANAGEMENT PLAN AND [PROPOSED] SCHEDULING ORDER

Bahr Decl. Exhibit A

| | |
|---|---|
| 1 | Respectfully submitted this 6th day of May 2016. |

                s/ David H. Becker
DAVID H. BECKER, ESQ., *Pro Hac Vice*
Oregon Bar No. 081507
E-mail: davebeckerlaw@gmail.com
Law Office of David H. Becker, LLC
833 SE Main Street # 302
Portland, OR 97214
(503) 388-9160

*Of Attorneys for Plaintiff*

                s/ Troy K. Flake
Troy K. Flake
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*

*Of Attorneys for Federal Defendants*

**IT IS SO ORDERED:**

_____
Peggy A. Leen
United States Magistrate Judge

**DATED:** May 10, 2016

- 3 -
PARTIES' STIPULATED CASE MANAGEMENT PLAN AND [PROPOSED] SCHEDULING ORDER

Bahr Decl. Exhibit A

**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1025
FAX     : (503) 727-1117
       Attorneys for United States Natural Resources Conservation Service

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND  DIVISION

| | |
|---|---|
| **AUDUBON SOCIETY OF PORTLAND,** | Case No.  10-CV-1205-AA |
| **Plaintiff,** | |
| v. | **JOINT MOTION TO MODIFY SCHEDULING ORDER** |
| **UNITED STATES NATURAL RESOURCES CONSERVATION SERVICE,** | |
| **Defendant**. | |

**I.    CERTIFICATE OF COMPLIANCE WITH LR 7-1**

Pursuant to LR 7-1, counsel for both parties make this joint motion to modify the scheduling order.

PAGE - 1     **Joint Motion to Modify Scheduling Order**
             Audubon Society of Portland v. U.S. Natural Resources Conservation Service;
             10-CV-1205-AA

## II. MOTION

Plaintiff, Audubon Society of Portland, and Defendant, United States Natural Resources Conservation Service, move this Court to modify the scheduling order as follows:

1. On September 30, 2010, Plaintiff filed this action and alleged the Defendant violated the Freedom of Information Act, 5 U.S.C. § 552 and the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq*.

2. On November 2, 2010, Defendant answered the complaint. Discovery is scheduled to be completed by February 2, 2011.

3. In response to Plaintiff's initial FOIA request, Defendant has produced some of the requested documents and withheld other documents based on its assertion that Exemption 3 protected the documents.

4. Counsel for the parties have tried to resolve their differences. Most recently, counsel for both parties discussed the case with agency counsel from the United States Department of Agriculture in Washington, D.C.

5. The parties were unable to reach an agreement regarding the withholding of the documents under FOIA and believe the matter must be presented to this Court by way of summary judgment motions.

6. Counsel propose to modify the scheduling order as follows:

   a. Defendant's motion for summary judgment is due April 15, 2011.

PAGE - 2     **Joint Motion to Modify Scheduling Order**
             Audubon Society of Portland v. U.S. Natural Resources Conservation Service;
             10-CV-1205-AA

Bahr Decl. Ex. B

    b.    Plaintiff's response to Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment are due May 16, 2011.

    c.    Defendant's combined response to Plaintiff's motion for summary judgment and its reply brief are due June 16, 2011.

    d.    Plaintiff's reply brief is due July 15, 2011.

7.    This motion is made in good faith by both parties, based on their prior time commitments, and not for reasons of delay.

Respectfully submitted this February 1st 2011.

> Respectfully submitted,
> DWIGHT C. HOLTON
> United States Attorney
> District of Oregon
>
> */s/ Kevin Danielson*
> KEVIN DANIELSON
> Assistant United States Attorney
>     Attorneys for Defendants
>
> */s/ David Bahr*
> DAVID BAHR
>     Attorney for Plaintiff
>
> */s/ Paul Kampmeier*
> PAUL KAMPMEIER
>     Attorney for Plaintiff

PAGE - 3    **Joint Motion to Modify Scheduling Order**
    Audubon Society of Portland v. U.S. Natural Resources Conservation Service;
    10-CV-1205-AA

Bahr Decl. Ex. B



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

June 5, 2019

**BY ECF & FAX (212) 805-0426**
Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: *Seife v. U.S. Food & Drug Administration*, 15 Civ. 5487 (LTS)

Dear Judge Swain:

Pursuant the Court's order of May 31, 2019 [Docket No. 59], I write respectfully on behalf of both parties to provide a revised proposed briefing schedule for the parties' cross-motions for partial summary judgment. Pursuant to the Court's instructions, in this proposed schedule, the parties' briefing commences after September 1, 2019.

> September 6, 2019: FDA files its opening brief, along with its *Vaughn* index and supporting declaration
>
> October 21, 2019: Plaintiff files his brief opposing the FDA's motion and cross-moving for relief
>
> November 20, 2019: FDA files its brief in further support of its motion and opposing Plaintiff's motion
>
> December 16, 2019: Plaintiff files his reply brief in support of his cross-motion

\* \* \*

We thank the Court for its consideration of this request.

The proposed schedule is approved.
DE #60 resolved.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

SO ORDERED:

/s/ LTS 6/7/19
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

By: __s/Jean-David Barnea__
JEAN-DAVID BARNEA
Assistant United States Attorney
Telephone: (212) 637-2679
Email: Jean-David.Barnea@usdoj.gov

cc: Counsel for plaintiff (by ECF)

Bahr Decl. Ex. C

# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| THE SIERRA CLUB, et al., | No. C 11-0846 MEJ |
| Plaintiffs, | |
| v. | **CASE MANAGEMENT ORDER** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |
| _____/ | |

Having reviewed the parties' case management statement, filed on May 25, 2011 (Dkt. No. 15), the Court finds a c.m.c. unnecessary and VACATES the June 2, 2011 Case Management Conference. As the parties stated that no trial is necessary, only dispositive motion deadlines shall be set at this time. After the June 1 ADR conference, the parties shall file a stipulation regarding the ADR referral in this case. The schedule shall be as follows:

> Defendant's Motion for Summary Judgment: June 30, 2011
> Plaintiffs' Opposition, Cross-Motion: July 21, 2011
> Defendant's Reply, Opposition: August 18 2011
> Plaintiffs' Reply: September 19, 2011
> Hearing: October 13, 2011, at 10:00 a.m, Courtroom B

**IT IS SO ORDERED.**

Dated: May 26, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

Bahr Decl. Ex. D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CENTRAL INTELLIGENCE AGENCY ,<br><br>Defendant. | Civil Action 06-0960 (HHK) |

## SCHEDULING ORDER

This case shall be governed by the following deadlines:[1]

1. Defendant shall provide plaintiff a Vaughn Index by no later than December 1, 2006.

2 . Defendant's ' motion for summary judgment is due on January 15 , 2007.

3. Plaintiff's opposition to defendant's motion and cross motion for summary  judgment is due on February 15, 2007.

4. Defendant's  opposition to plaintiff's 'cross motion for summary judgment  and reply to plaintiff's opposition is due on March 2, 2007.

5. Plaintiff's reply to defendant's ' opposition is due on March 19, 2007.

Henry H. Kennedy, Jr.
United Sates District Judg

---

[1] Actions brought under the Freedom of Information Act are resolved most often without discovery. If discovery is sought and granted these deadlines may be adjusted.

Bahr Decl. Ex. E